IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNEST COLTON, JR., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-3584-D |
| VS. § | |
| § | |
| U.S. NATIONAL BANK § | |
| ASSOCIATION AS TRUSTEE FOR § | |
| THE GSAMP TRUST 2006-HE2, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendants U.S. Bank National Association ("U.S. Bank"), as trustee for the GSAMP Trust 2006-HE2 Mortgage Pass-Through Certificates, Series 2006-HE2 (the "Trust"), and Ocwen Loan Servicing, LLC ("Ocwen") move for summary judgment dismissing the remaining claim of plaintiff Ernest Colton, Jr. ("Colton") that U.S. Bank was not authorized to foreclose on his residential property (the "Property") or otherwise enforce the terms of the deed of trust ("DOT") that secured his residential mortgage. For the reasons that follow, the court grants the motion and dismisses this action with prejudice by judgment filed today.

I

The background facts and procedural history of this case are set out in earlier opinions of the court and need not be repeated. *See Colton v. U.S. Nat'l Bank Ass'n*, 2013 WL 5903618 (N.D. Tex. Nov. 4, 2013) (Fitzwater, C.J.) ("*Colton II*"); *Colton v. U.S. Nat'l Bank Ass'n*, 2013 WL 1934560 (N.D. Tex. May 10, 2013) (Fitzwater, C.J.). The court will focus

on the background facts and procedural history that are pertinent to this decision.[1]

In *Colton II* the court addressed defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). It accepted as true Colton's allegations regarding the contents of the promissory note ("Note") and DOT that Colton had executed in favor of MILA, Inc. d/b/a Mortgage Investment Lending Associates, Inc. ("MILA") because neither Colton nor defendants had attached copies of the documents to their pleadings. *Colton II*, 2013 WL 5903618, at *4. Accepting Colton's allegations as true, the court granted in part and denied in part defendants' motion to dismiss, holding, *inter alia*, that Colton had pleaded a plausible claim that U.S. Bank did not have authority to foreclose on the Property.[2]

---

[1] In deciding this motion, the court views the evidence in the light most favorable to Colton as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[2] The Fifth Circuit recently distinguished *Colton II* based on its procedural posture. *See Rust v. Bank of Am., N.A.*, ___ Fed. Appx. ___, 2014 WL 2726841 (5th Cir. June 17, 2014) (per curiam).

> Rust further argues that, under *Colton v. U.S. National Bank Association*, the deed of trust here grants only the original lender the power to foreclose her property. In *Colton*, as here, MERS assigned its interest as nominee in a deed of trust to a bank, and the property owner, Colton, claimed that the bank did not have authority to enforce the deed of trust because it was not the holder of the original note. The court explained that "although Texas law does not require a party to be a holder of a note in order to foreclose," Colton alleged that the specific language in the deed of trust did require the bank to be the holder of the note to do so. Because it was considering a Rule 12(b)(6) motion to dismiss and neither party provided the deed of trust, the court

Defendants now move for summary judgment, contending that the Note, DOT, and an assignment agreement between Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank ("Assignment Agreement")[3] establish as a matter of law that U.S. Bank had the right to foreclose on the Property. The parties have submitted copies of the Note and DOT in support of their summary judgment briefing. Neither side disputes the authenticity of these documents.

II

Because Colton will bear the burden of proof at trial, defendants can meet their summary judgment obligation by pointing to the absence of admissible evidence to support the claim in question. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once defendants do so, Colton must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor. *Anderson v. Liberty*

---

        accepted as true the allegations regarding the deed of trust's terms and thus declined to dismiss the claim. Here, by contrast, the deed of trust was in the summary judgment record and Rust points to no provision in it that requires Bank of America to be the holder of the note to enforce the deed of trust. Rust cannot rely on *Colton* to defeat summary judgment here.

*Id.* at *3 (footnotes omitted).

    [3]The Assignment Agreement purports to assign MERS's rights under the Note and DOT to U.S. Bank.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Colton's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.) (citations omitted). Summary judgment is mandatory if Colton fails to meet this burden. *See Little*, 37 F.3d at 1076.

III

The dispositive question presented by defendants' motion is whether defendants have established as a matter of law that U.S. Bank had the right to foreclose on the Property.

A

A mortgagee[4] can obtain the right to initiate foreclosure through the terms of a deed of trust even if it is not the holder of a corresponding promissory note. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). When a mortgagee like MERS acts as beneficiary and nominee of the lender, it may assign its rights under the deed of trust to another party. *See, e.g., Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (citing *Martins*, 722 F.3d at 255); *Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 Fed. Appx. 533, 536 (5th Cir. 2013) (per curiam) (holding that, when MERS acts in this capacity, it is "unquestionably" a mortgagee and has the right to transfer the deed of trust); *Green v. JPMorgan Chase Bank, N.A.*, 937 F.Supp.2d 849, 862 (N.D. Tex. 2013) (Godbey,

---

[4]Under Texas law, a "Mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument," as well as "a book entry system." Tex. Prop. Code Ann. § 51.0001(4)(A)-(B) (West 2007). A "Book entry system" is "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." *Id.* § (1).

J.) (explaining that "scores of courts have upheld the validity of deeds in which MERS is named nominee and beneficiary"). If a mortgagee like MERS assigns its right to foreclose on certain property to another party, "that assignee possesses the same right to foreclose on the Subject Property that MERS had." *Svoboda v. Bank of Am., N.A.*, 964 F.Supp.2d 659, 667 (W.D. Tex. 2013).

B

1

The court first considers whether the DOT authorized MERS to foreclose on the Property.

Applying Texas law, the court interprets the DOT using the same rules applied to the interpretation of contracts. *See Fin. Freedom Senior Funding Corp. v. Horrocks*, 294 S.W.3d 749, 753 (Tex. App. 2009, no pet.). The court "examine[s] and consider[s] the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.* The court "presume[s] the parties to the contract intended every clause to have some effect." *Id.* "In the context of contract interpretation, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." *Amoco Prod. Co. v. Tex. Meridian Res. Exploration Inc.*, 180 F.3d 664, 669 (5th Cir. 1999).

Citing § 22 of the DOT, Colton argues that the lender, MILA, was the only party authorized to initiate foreclosure proceedings. Section 22 expressly authorizes the lender to exercise the power of sale. *See* Ds. App. 15 ("For the purposes of this Section 22, the term

'Lender' includes any holder of the Note who is entitled to receive payments under the Note."). Section 22 does not provide, however, that its terms are exclusive. Other sections of the DOT expressly vest a power of sale in the Trustee, *see id.* at 4, and expressly grant the beneficiary the right to foreclose on the Property, *see id.* Reading the DOT as a whole, and presuming that every clause is intended to have some effect, the court holds as a matter of law that the DOT gave MERS, as beneficiary and nominee for the lender, the power to foreclose on the Property.

2

The court next considers whether MERS assigned its right to foreclose on the Property to U.S. Bank.

The Assignment Agreement names as the "Assignor" "MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDER[']S SUCCESSORS AND ASSIGNS." Ds. App. 24 (alteration added). Colton argues that the Assignment Agreement is vague and ambiguous because it is impossible to determine the identity of the assignor.[5] Colton does not explain why the identity of the assignor is impossible to determine or cite any case law suggesting that an assignment agreement

---

[5]Colton makes various arguments regarding U.S. Bank's authority under the Note. Because the court holds that U.S. Bank had authority to foreclose on the Property under the terms of the DOT, the court need not reach these arguments. "It is so well settled as not to be controverted," that "[a] deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale,' even though it would not be possible for both to hold the note." *Martins*, 722 F.3d at 255 (quoting *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. Comm'n App. 1935, writ dism'd), and *Robeson v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 42965, at *6 (Tex. App. 2012, pet. denied) (mem. op.)).

designating a named corporation as an assignor is vague or ambiguous. The court holds that the Assignment Agreement is not vague or ambiguous, and that it unambiguously transfers MERS's rights to U.S. Bank. Accordingly, the court holds that the Assignment Agreement gave U.S. Bank the right to foreclose on the Property no later than July 19, 2006. *See id.* at 25.

C

In *Colton II* the court held that Colton had pleaded one plausible claim for relief: that defendants were not authorized under the DOT to foreclose on the Property or otherwise enforce the DOT's terms because the DOT reserved such authority to the "Lender" alone. *See Colton II*, 2013 WL 5903618, at *4. Colton has failed to designate any specific facts that would enable a reasonable trier of fact to find that the DOT did not authorize MERS to foreclose on the Property or that MERS did not assign this power to U.S. Bank. Thus Colton has failed to designate any specific facts that would enable a reasonable trier of fact to find that U.S. Bank did not have the authority to foreclose on the Property in March 2012. Defendants are therefore entitled to summary judgment.

\* \* \*

For the reasons explained, the court grants defendants' motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

June 25, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE